EMMA M. BECKLEY *vs.* C. AFONG *et al.*

IN EQUITY. BEFORE JUDD, C.J.

DECEMBER, 1884.

A decree of the Probate Court was made in June, 1859, ordering that the guardian *ad litem* of a minor convey the minor's estate: on a petition by the minor to set this decree aside, made in April, 1884, held, that the plaintiff is not barred by the statute of limitations, because she married before she attained majority, and the disability of coverture was not removed till her husband's death in 1881.

The minor, being a trustee at the date of the decree of 1859, was not entitled to her day in Court, after her majority, to disaffirm.

A decree made by consent of counsel, without fraud or collusion, cannot be set aside.

The purchaser, at an administrator's sale of real estate, made by order of a Probate Court, held to be a *bona fide* purchaser without notice, as against the claim of an heir to the estate, made ten years after such sale, that the sale was in fraud of her rights.

DECISION OF JUDD, C.J., ON DEMURRER.

I adopt the following summary of the bill in this case, taken from brief of defendant C. Afong's counsel.

"The bill of complaint recites a bill in equity by plaintiff's father, T. Metcalf, filed before the Chief Justice of this Court, June 27th, 1859, setting forth that in the year 1852 he applied to the Minister of the Interior to purchase of the Hawaiian Government a large tract of land for agricultural purposes, and that as it was the policy of the Government to refuse patents for large tracts of land to persons of foreign birth, except under special circumstances, he applied for and obtained a grant or patent of this land to be made to his infant daughter Emma, by a Hawaiian mother, which was made September 2d, 1852, he paying therefor $1040, and that his daughter, then five years old, received the title in said patent in trust for him and for no

35

other purpose, and not as an advancement or gift; that he had since been and then was in possession of the premises; that he desired to raise money on mortgage of the land in order to improve the property and secure a crop of sugarcane thereon; that his said daughter was then only above twelve years of age, and that he prayed a guardian *ad litem* for her be appointed, and summoned to appear and show cause why the prayer of his petition should not be granted; and that she be decreed to release and convey to him in fee her title in said land; that James W. Austin was appointed as such guardian, who filed an answer admitting the facts so alleged, and a decree was made therein July 1st, 1859, directing said guardian to convey her said title to said petitioner, but that no day was given her to answer after she became of age.

That the said guardian's answer amounted to a confession of the said bill, which he had no authority to make; that said Chief Justice should not have made said decree until she became of age, and that the same was contrary to law and a fraud upon her, whereby she was unjustly deprived of her property; that the same was purchased with her money, and no trust executed in favor of said T. Metcalf as above-named; that plaintiff was married from the age of twenty years until 1881, and was unacquainted with her rights in the premises; that her husband died in 1881, and the premises were devised to her by her father, and she has always heard and believed that her only title was under his will.

That the premises were sold October 10th, 1874, by her father's administrators, to said C. Afong, who purchased 'with notice of plaintiff's title,' and that the proceeds of said sale were applied to payment of her father's debts.

The plaintiff and the other defendants are the heirs-at-law of her father.

Plaintiff prays:—1. For process. 2. For a decree vacating said decree. 3. That said administrator's sale be set aside, and said C. Afong ordered to convey all his estate in said premises to the plaintiff. 4. That the residue of the said estate be

applied to repay the purchase money of the premises to said C. Afong. 5. For general relief."

It thus appears that the plaintiff seeks to vacate a decree made in this Court in 1859, by which her guardian *ad litem,* she being a minor, was required to convey her title and interest in certain land to her father, the late T. Metcalf.

The plaintiff attacks the decree on the ground that it did not give her (the minor) a day in Court to answer after coming of age, and because the guardian in his answer admitted the facts against her, which he had no authority to do.

The bill is demurred to by C. Afong, who contends that the plaintiff is barred by the Statute of Limitations. I do not think she is. Equity will act in obedience to and in analogy to the Statute of Limitations in proper cases, and will also recognize the disabilities which suspend the running of the statute.

The plaintiff was, in 1859, when the bill against her was filed, twelve years of age. The disability of infancy was not removed until 1867; the period being twenty years for both sexes by the Statute of Limitations of 1870, Section 4. But the plaintiff had married before becoming twenty years of age, and was under the disability of coverture till 1881, when her husband died. As I understand the statute, she has five years from the last date in which to bring her action.

But is the decree reversible for the causes alleged in the bill?

In the original suit it was alleged that the title of the land was put in the name of the minor, who was Hawaiian born, in order that the grant might be made, as it was the policy of the Hawaiian Government at that time not to issue patents for large lands to foreign-born applicants, and that the minor received the title in trust for her father, and not as an advancement or gift. It is not questioned that the Court had jurisdiction of the case.

A case very closely analogous to this is *Walsh vs. Walsh,* 110 Mass., 381. Here the errors assigned in the original decrees were:

"1. That two of the defendants were infants, and that the

decrees were made against them without giving them a day after their coming of age to show cause against the same.

"2. That the decrees appear to have been made by consent of their guardian *ad litem*, and upon the representation of counsel, without proof."

Gray, C. J. says: "The ancient rule of practice in chancery which allows to an infant a day after coming of age to answer a bill against him during his minority, does not apply to infant trustees. In our case the Court found the infant to be a trustee, and there was therefore no occasion to give the infant a day, and the decree complained of is not, on this account, erroneous."

This Court adopted this principle of law in its decision in the demurrer in *Macfarlane vs. Spencer,* 12 December, 1881 (not published).

As to the second point. The case of *Walsh* further decides, p. 383, that "if the Court does pronounce a decree against an infant by consent, and without inquiry whether it will be for his benefit, he is as much bound by the decree as if there had been a reference to a master and a report by him that it was for the benefit of the infant. The case falls within the general rule that a decree made by consent of counsel, without fraud or collusion, cannot be set aside by rehearing, appeal or review." Many cases are cited in support. The Court says: "In the case before us, the first decree appearing upon its face to have been made not upon the consent of the defendant and the guardian *ad litem* merely, but upon representation of counsel and adjudication of the Court that it was a decree fit and proper to be made upon the infants, it must be held binding upon them."

The difficulty in the present case is that the decree attacked and the record in the case are not set forth in the bill, and are not properly before me, and I am not at liberty on this demurrer to ascertain if the decree was procured upon the representation of counsel and adjudication of the Court that it was a fit and proper one to be made. On the contrary, the bill alleges that the decree was contrary to law, and operated as a fraud upon the plaintiff.

For this reason I am obliged to overrule the demurrer in order that upon answer and proofs the exact condition of the original case can come before me.

In reference to the effect of the administrators' sale of the land in 1874, I do not think the bill is demurrable on this account, as it alleges that Afong was a purchaser with notice of plaintiff's title, and whether he was or not is a matter of evidence.

I deem it unnecessary to pass upon the other points raised, for if, on a final hearing, the original decree shall not be reversed, the defendants Metcalf, Rowland and Prosser will not be required to contribute towards repayment of the purchase money to the defendant C. Afong.

Demurrer overruled: Answer in fourteen days.

Honolulu, April 2, 1884.

### DECISION OF JUDD, C. J. ON THE MERITS.

A demurrer in this case was overruled April 2d, 1884.

Referring to my decision on the demurrer for a statement of the bill, it now becomes necessary to consider the case upon the further pleadings and proofs.

The plea and answer of C. Afong makes profert of the proceedings had in 1859 before the acting Chief Justice in the case of Theophilus Metcalf against Emma Metcalf, the present plaintiff, and avers that the record shows no fraud, collusion or error in law, and that the decree therein is final and conclusive upon the plaintiff. It also pleads the records of the Probate Court and shows that on the 6th day of July, 1874, the administrator with the will annexed of the estate of Theophilus Metcalf, deceased, filed his petition for sale of the real estate of the decedent for payment of his debts; that an order was made appointing a time for hearing and for those interested to show cause why the same should not be granted; that at the hearing it was proved that notice had been served on the plaintiff, that she appeared by counsel and opposed the granting of the petition, and after full hearing, an order of sale was made by the Probate Court on the 17th day of September, 1874, and that

after the sale had been made, the administrator filed his petition for confirmation and for authority to execute a deed of conveyance therefor to this defendant, and that after notice to the plaintiff, an order confirming such sale and authorizing the conveyance was made; that plaintiff appeared personally or by counsel at all said hearings, and that she is precluded by the orders therein from now contesting said sale; also, that defendant paid $66,600 for the land sold to him, and that at or before the execution of the deed he had no notice that the claim of the plaintiff that the decree of July 1st, 1859, in Chancery, was contrary to law, or that the same defrauded her of her property, or that she claimed to be the legal or equitable owner of the real estate otherwise than as a devisee thereof under her said father's will, and that defendant never had notice of plaintiff's claim until immediately before the filing of this bill. The answer further specifically denies or admits or avoids the allegations in the bill.

It is necessary to restate a few of the facts of this case. In 1852 Theophilus Metcalf bought of the Government the land of Kaupakuea and procured the Royal Patent therefor to be made in his daughter's name (the present plaintiff). In 1859, in pursuance of a decree of Mr. Justice Robertson, acting Chief Justice of the Supreme Court, this land was conveyed to Mr. Metcalf by the guardian *ad litem* of the plaintiff. Mortgages were made by Mr. Metcalf on this estate, upon which was conducted a sugar plantation. Mr. Metcalf died, heavily indebted, in 1870, leaving by will this land to his daughter the plaintiff. The real estate of decedent, including the land in question, was sold in order to satisfy the debts of the decedent, by order of the Probate Court, before which Court the plaintiff appeared and contested many points, but said nothing as to the present claim that the decree of 1st of July, 1859, was a fraud upon her rights and contrary to law. If she had at this time knowledge that the patent of the land of Kaupakuea was in her own name and had been improperly conveyed to her father, it would have been her duty to make the objection then. But she says in evidence she supposed up to that time that her only title to the land was by virtue of the devise of her father, and that she ascertained

the facts now presented in her bill after the administrator's sale to the defendant, Afong. There is no proof that the defendant Afong had any direct notice of her claims upon this land except as made to him by plaintiff in conversation. But this conversation was subsequent to the administrator's deed, as it was only then that the plaintiff herself knew the facts she communicated to Afong.

So far then as direct knowledge of this claim is concerned, Afong had none when he bought this land. But it is urged that Mr. Afong took by the administrator's deed whatever estate Mr. Metcalf had and no more, and that he is charged with notice of the record of 1859.

It is to be presumed that the deed of the guardian *ad litem* to Theophilus Metcalf, in pursuance of the decree, is on record. But there would be nothing in this to put the purchaser on inquiry as to the alleged fraud and illegality of the decree obtained fifteen years previous.

I am of the opinion that Mr. Afong must be regarded as a *bona fide* purchaser for value, without notice of the matter now set up against the decree, and as this is conclusive of the case, I do not deem it necessary to pursue further the inquiry whether the original decree is now reversible.

Bill dismissed.

*F. M. Hatch,* for plaintiff.

*A. S. Hartwell,* for defendant Afong.

Honolulu, December 23, 1884.